UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                       )<br>)<br>DARREN A. FERGUSON,      )<br>)<br>        Defendant.       )<br>_____ ) | Criminal No. 04-43 (GK)<br><br>**FILED**<br><br>SEP 1 0 2007<br><br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

## MEMORANDUM OPINION

Defendant Darren A. Ferguson has filed a Motion to Suppress Physical Evidence [**Dkt. No. 49**]. Upon consideration of the Motion, Opposition, the entire record herein, and for the reasons stated below, Defendant's Motion to Suppress Physical Evidence is **denied**.

## I. BACKGROUND

The Drug Enforcement Administration ("DEA") launched an investigation into the Defendant's suspected drug trafficking activities in 2003. As part of that investigation, the DEA became aware that the Defendant maintained e-mail accounts with two Internet Service Providers: Yahoo! and MSNHotmail. On June 27, 2003, the Government filed, pursuant to the Stored Communications Act ("SCA"), 18 U.S.C. § 2703, two sealed ex parte applications to compel Yahoo! and MSNHotmail to produce the contents of all wire or electronic communications in electronic storage for more than 180 days and the contents of all wire or electronic communications in a "remote computing service" related to the Defendant's email accounts.

After reviewing these applications, United States Magistrate Judge Deborah A. Robinson issued orders directing Yahoo! and MSNHotmail to produce the information sought by the Government. Magistrate Judge Robinson ordered that both the applications and the orders remain sealed, and that Yahoo! and MSNHotmail not reveal the existence of the orders or the DEA investigation to the Defendant or any other person.

In response, Yahoo! produced 137 saved files that contained numerous emails from the Defendant's Yahoo! email account. MSNHotmail did not produce any materials.

Defendant's Motion seeks to suppress all materials produced pursuant to Magistrate Judge Robinson's orders as well as all evidence obtained by the Government as a result of the information or leads generated by materials produced in response to her orders.

## II.  ANALYSIS

Defendant argues that the SCA is facially unconstitutional because it permits a magistrate to compel the disclosure of materials for which the Defendant has a reasonable expectation of privacy without a showing of probable cause in violation of the Fourth Amendment.[1]  He cites the recently decided case of <u>Warshak v. United States</u>, 490 F.3d 455 (6th Cir. 2007), where the Sixth

---

[1] A court may issue an order compelling disclosure under the SCA upon a "showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation."  18 U.S.C. § 2703(d).

Circuit held the SCA to be unconstitutional.  In passing, Defendant also argues that the ex parte applications submitted by the Government did not comply with the SCA because the orders relied on stale information and therefore did not set forth reasonable grounds to believe that the information was relevant and material to the DEA's investigation.

The Government argues that Warshak was wrongly decided.  It analogizes orders under the SCA to subpoenas, which are not subject to a probable cause standard, but instead to a lower reasonableness standard.  However, the Government contends that the Court need not consider the constitutionality of the SCA because the Government's reliance on the SCA in this case was objectively reasonable. Finally, any failure to comply with the SCA would not warrant suppression as the Act does not provide a suppression remedy.

### A. The Government's Reliance on the Stored Communications Act Was Objectively Reasonable

The Fourth Amendment's exclusionary rule does not apply where the challenged evidence was obtained by an officer acting in objectively reasonable reliance on a statute even if that statute was later determined to be unconstitutional.  Illinois v. Krull, 480 U.S. 340, 349 (1987).  It has long been established that the primary purpose of the exclusionary rule "'is to deter future unlawful police conduct and therefore effectuate the guarantee of the Fourth Amendment against unreasonable searches and seizures.'" Id. at 347 (quoting United States v. Calandra, 414 U.S. 338, 347

(1974)).  It is not intended to cure the violation of a defendant's constitutional rights.  Id.

The deterrence of unlawful police conduct is not advanced when an officer acts in objectively reasonable reliance on a statute. Id. at 349.

> Unless a statute is clearly unconstitutional, an officer cannot be expected to question the judgment of the legislature that passed the law.  If the statute is subsequently declared unconstitutional, excluding evidence obtained pursuant to it prior to such judicial declaration will not deter future Fourth Amendment violations by an officer who has simply fulfilled his responsibility to enforce the statute as written.

Id. at 349-50.

Acts of Congress are entitled to a strong presumption of constitutionality.  United States v. Watson, 423 U.S. 415, 416 (1976).  The Stored Communications Act was enacted in 1986.  Prior to the district court's ruling in Warshak in 2006, twenty years after enactment of the SCA, no court had ruled that the Act was unconstitutional.  Thus, there was no indication to the Government in 2003, when the applications for the SCA orders were filed in this case, that the statute was unconstitutional.

Finally, both orders were approved by a United States Magistrate Judge.  Law enforcement officers are entitled to rely on the legal judgment of a neutral magistrate.  United States v. Leon, 468 U.S. 897, 921 (1984).  "In the ordinary case, an officer cannot be expected to question the magistrate's probable-cause determination or his judgment that the form of the warrant is

technically sufficient." Id. The fact that a neutral Magistrate Judge approved the Government's applications under the SCA provides further reason to deem the Government's reliance on the SCA to be objectively reasonable.

For these reasons, the Court concludes that the Government's reliance on the SCA was objectively reasonable. Thus, the Court need not consider the constitutionality of the SCA. See United States v. Webb, 255 F.3d 890, 904 (D.C. Cir. 2001) (declining to rule on constitutionality of search warrant and instead holding that officer's reliance on warrant was objectively reasonable under Leon); United States v. Vanness, 342 F.3d 1093, 1098 (10th Cir. 2003) (court may conclude that officer relied in good faith on town ordinance without determining its constitutionality).

The Defendant's Motion must accordingly be **denied.**

**B.   The Stored Communications Act Does Not Provide for a Suppression Remedy**

Defendant also briefly argues that the applications did not comply with the provisions of the SCA because the Government failed to provide "reasonable grounds" in its applications for the SCA orders.

Even if Defendant was correct that the Government did not comply with the SCA, the statute does not provide for a suppression remedy. See 18 U.S.C. § 2708; United States v. Smith, 155 F.3d 1051, 1056 (9th Cir. 1998) ("the Stored Communications Act does not provide an exclusion remedy. It allows for civil damages...and

5

criminal punishment...but nothing more.") (emphasis in original). Both the text of the statute and existing case law support the Government's position.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Suppress Physical Evidence [**Dkt. No. 49**] is **denied**. An Order shall issue with this Memorandum Opinion.

Sept 10, 2007

Gladys Kessler
United States District Judge

**Copies to: Attorneys of record via ECF**