**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
                            )
UNITED STATES OF AMERICA    )
                            )
    v.                      )    Criminal No. 04-43 (GK)
                            )       FILED
DARREN A. FERGUSON,         )
                            )        SEP 0 3 2008
        Defendant.          )
                            )    Clerk, U.S. District and
                            )    Bankruptcy Courts
```

## MEMORANDUM OPINION

This matter comes before the Court on the Government's Motion for Reconsideration [**Dkt. No. 127**] of the Court's July 8, 2008 Order and Memorandum Opinion granting without prejudice the Defendant's Motion to Dismiss the Indictment on Speedy Trial Act grounds. See United States v. Ferguson, ___ F. Supp. 2d ___, 2008 WL 2687089 (D.D.C. July 8, 2008). The Court's July 8, 2008 Order has been stayed pending briefing and consideration of the Motion for Reconsideration. See July 30, 2008 Order. Upon consideration of the Motion, Opposition, Reply, and the entire record herein, and for the reasons set forth below, the Government's Motion for Reconsideration is **denied.**

As a threshold matter, Defendant argues that the Court's order dismissing the indictment was final and cannot be reviewed by this Court because "[t]here is no provision for a 'motion to reconsider' under the Federal Rules of Criminal Procedure." Opp'n at 2. Although the Federal Rules do not specifically provide for motions for reconsideration in criminal cases, the Supreme Court has

recognized, in dicta, the utility of such motions. United States v. Dieter, 429 U.S. 6, 8 (1976) (citing United States v. Healy, 376 U.S. 75 (1964)). In Dieter, the Court noted "the wisdom of giving district courts the opportunity promptly to correct their own alleged errors." 429 U.S. at 8; see also Healy, 376 U.S. at 80 ("to deprive the Government of the opportunity to petition a lower court for the correction of errors might, in some circumstances, actually prolong the process of litigation").

Building on the underpinning provided by Dieter and Healy, at least two Circuits have explicitly held, albeit in cases involving challenges to sentences of imprisonment under 28 U.S.C. § 2255, that motions for reconsideration may properly be considered in criminal cases. See United States v. Clark, 984 F.2d 31, 33-34 (2d Cir. 1993) (describing how Healy and Dieter "became authority" for filing a motion for reconsideration in a criminal case); see also United States v. Fiorelli, 337 F.3d 282, 286 (3d Cir. 2003) (citing Clark) ("motions for reconsideration may be filed in criminal cases").

Given this authority, the Court will therefore proceed on the assumption that it may consider the Government's motion for reconsideration. To prevail, the Government must demonstrate that (1) there has been an intervening change in controlling law; (2) there is new evidence; or (3) there is a need to correct clear

error or prevent manifest injustice. <u>United States v. Libby</u>, 429 F. Supp. 2d 46, 47 (D.D.C. 2006).

It should be noted that both parties had ample opportunities to brief the Defendant's Motion to Dismiss. In addition to the Motion, Opposition, and Reply, the Court invited both sides to file supplemental briefs concerning the impact of the Court of Appeals' recent decision in <u>United States v. Bryant</u>, 523 F.3d 349 (D.C. Cir. 2008). Both the Government and the Defendant accepted the invitation, and submitted supplemental memoranda of law that addressed both <u>Bryant</u> and a range of additional arguments. The Court considered all of the arguments submitted by the parties in these multiple rounds of briefing in its July 8, 2008 Memorandum Opinion. In light of these facts, the Court will take an unusually dim view of arguments that are raised for the first time in the Government's Motion for Reconsideration. <u>See</u> <u>Carter v. Washington Metro. Area Transit Auth.</u>, 503 F.3d 143, 145 n.2 (D.C. Cir. 2007) (quoting <u>Caisse Nationale de Credit Agricole v. CBI Indus., Inc.</u>, 90 F.3d 1264, 1270 (7th Cir. 1996)) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion.").

The Government advances a number of arguments in its Motion for Reconsideration.

First, the Government argues that <u>Zedner v. United States</u>, 547 U.S. 489 (2006), does not permit defendants to engage in unfair "gamesmanship" under the Speedy Trial Act by affirmatively seeking continuances, thereby using up time on the speedy trial clock, and then seeking dismissal for violation of the Act based on the time granted for such continuances. The Government raised similar arguments in its Opposition to the Motion to Dismiss at 7-9, which the Court rejected in its July 8, 2008 Memorandum Opinion, <u>see</u> 2008 WL 2687089, at *10, based upon <u>Zedner</u>'s core holding that a defendant may not prospectively waive his rights under the Act. 547 U.S. at 500-01.

Nevertheless, the Government now attempts to draw a subtle but unpersuasive distinction between a prospective waiver of speedy trial rights and "affirmatively requested continuances" that a defendant later cites as violations of his speedy trial rights. Mot. at 7-8. Under <u>Zedner</u>, this is a distinction without a difference. The Speedy Trial Act enumerates the specific categories of delay that are excludable under its comprehensive scheme and "has no provision excluding periods of delay during which a defendant waives the application of the Act, and it is apparent from the terms of the Act that this omission was a considered one." <u>Zedner</u>, 547 U.S. at 500. As <u>Zedner</u> conclusively establishes, a defendant may not opt out of the Speedy Trial Act. <u>Id.</u> at 501. Thus, continuances requested by the defense--unless

-4-

they fall within one of the clearly enumerated periods of delay set out under the statute--do not constitute excludable time under the Act.[1]

In fact, Zedner rejected a very similar argument to the one now propounded by the Government. There, the Government argued that the defendant's express waiver of his Speedy Trial Act rights in exchange for obtaining a continuance "'induced the district court to grant a continuance without making an express ends-of-justice finding.'" Id. at 504 (quoting Brief for the United States). Thus, argued the Government, the defendant should be judicially estopped from "'enjoying the benefit of the continuance, but then challenging the lack of a finding.'" Id. The Court rejected this argument:

> [W]e are unwilling to recognize an estoppel based on petitioner's promise not to move for dismissal because doing so would entirely swallow the Act's no-waiver policy. We see little difference between granting a defendant's request for a continuance in exchange for a promise not to move for dismissal and permitting a prospective waiver, and as we hold above, prospective waivers are inconsistent with the Act.

---

[1]    However, as Judge Randolph stated in his concurrence in Bryant, "a defendant's acquiescence in the delay bears on whether the court should dismiss with prejudice and thus allow the defendant to be reindicted." 523 F.3d at 363 (Randolph, J., concurring). While Judge Randolph recognized that "defense counsel may have believed that remaining silent as the clock ticked away would increase the chances of an inadvertent violation of the Act and, hence, dismissal of the indictment," he never suggested that such conduct would excuse failures to comply with the Act's deadlines.

Id. at 505.   Assuming, arguendo, that Defendant's requested continuances did constitute "sandbagging" and "gamesmanship," Mot. at 8, and that therefore they should not later form the basis for his claim of Speedy Trial Act violations, the fact remains that they too would "entirely swallow the Act's no-waiver policy." Zedner, 547 U.S. at 505.

Moreover, the one case that most strongly supports the Government's argument--the Fourth Circuit's 1994 decision in United States v. Keith, 42 F.3d 234, 238-39 (4th Cir. 1994)-- was decided more than ten years prior to Zedner, is of questionable validity following Zedner,[2] and in any case, is not controlling in this Circuit.

Second, the Government argues that the period of delay between February 11, 2008 and May 5, 2008 should have been excluded under the Act.   The Government initially argued that most of this period was properly excludable under 18 U.S.C. § 3161(h)(3)(A), which excludes any "period of delay resulting from the absence or unavailability of...an essential witness," because the Marshals Service was unable to transport two Government witnesses to the

---

[2]     Keith held on its specific facts that "if a defendant affirmatively consents to a motion for a continuance and the reasons for the granting of that motion as garnered from the record are sufficient to support a finding that the ends of justice would be met by granting the motion, the defendant cannot take advantage of that discrete period of time covered by the continuance in asserting a violation of the Speedy Trial Act."   Keith, 42 F.3d at 240.

District of Columbia in time for trial on February 11, 2008.   The
Court concluded that the Government had failed to present any
evidence explaining this failure by the Marshals Service and
therefore failed to meet its burden of coming forward with
evidence, under 18 U.S.C. § 3162(a)(2), to support an exclusion of
time under Section 3161(h)(3).   <u>Ferguson</u>, 2008 WL 2687089, at *11.

Surprisingly, the Government seeks to reargue this point while
simultaneously failing, once again, to submit any evidence in the
form of declarations or affidavits from the Marshals Service to
explain the delay.[3]   For this reason, the one published case cited
by the Government is easily distinguishable.   In <u>United States v.
Patterson</u>, 277 F.3d 709, 711-12 (4th Cir. 2002), the Fourth Circuit
held that the district court did not err in permitting a
continuance based on its finding that the presence of a witness
could not be obtained despite the exercise of due diligence by the
Marshals Service.   But this finding was based on the in-court
testimony of a Deputy Marshal offered by the Government at an
evidentiary hearing concerning the unavailability of the witness.
<u>Id.</u> at 711.[4]   Here, by contrast, the Government has repeatedly

---

[3]      For the very first time, the Government finally advised
the Court in its July 24, 2008 Motion to Reconsider, at p. 16, that
"[t]he Chief Deputy US Marshal Service [sic] has agreed to testify
. . . to further explain the reasons for the suspension of the
flights."

[4]      The two other unpublished cases cited by the Government
do not appear to be on point.   In one case, the district court
(continued...)

-7-

failed to present any evidence to explain the delay in transporting its two witnesses.

The Government also challenges the Court's finding that the unavailability of the two witnesses accounted for only nine days of delay; that is, from February 11, 2008 to February 20, 2008. See Ferguson, 2008 WL 2687089, at *11. The basis of this finding was twofold. First, the February 20, 2008 date was provided by the Government in its February 1, 2008 motion to continue the trial date as the earliest possible time that all witnesses could be transported to the District of Columbia. Mot. to Continue Trial Date at 2. Second, as trial in this case was expected to require two weeks, and a civil securities fraud trial was scheduled to begin with jury selection on March 3, 2008 in SEC v. Johnson, Civil Action No. 05-36(GK), any trial set after February 20, 2008 would

----

[4](...continued)
apparently based its grant of a continuance on the ends of justice exception found in Section 3161(h)(8)(A), and not on the unavailable witness exception, Section 3161(h)(3)(A). See United States v. Thomas, 272 Fed. Appx. 479, 484 (6th Cir. Apr. 4, 2008) ("Although the district judge agreed with the AUSA that the unavailable-witness exception, § 3161(h)(3)(A), may have also been a correct provision justifying the delay, he did not retract his position that the reasons for the continuance constituted legitimate rationales under § 3161(h)(8)(B)(iv)."). In the other, the Court of Appeals addressed only Section 3161(h)(8)(A) and not Section 3161(h)(3)(A). United States v. Nelson, 238 Fed. Appx. 65, 70 (June 20, 2007) ("The Court need not reach the issue of whether Hayes was an essential witness for purposes of the Speedy Trial Act, because 18 U.S.C. § 3161(h)(8) provides an alternate ground for a period of excludable delay.").

have conflicted with the <u>Johnson</u> trial.[5]  Thus, after February 20,
the six-week securities fraud trial in <u>Johnson</u>, and not the failure
of the Marshals Service to transport the Government's witnesses,
became the cause of the delay in bringing this case to trial.  <u>See</u>
18  U.S.C.  §  3161(h)(8)(C)  ("no  continuance  under  [Section
3161(h)(8)(A)] shall be granted because of general congestion of
the court's calendar").

    Third, the Government presents new arguments purportedly
explaining why two specific periods of time are, in fact,
excludable under the Act: February 21, 2006 to March 2, 2006 and
September 11, 2007 to September 18, 2007.  The Government has
provided no explanation for why these arguments were not raised
previously, despite several opportunities to do so during the
briefing of the Motion to Dismiss.  It is now far too late in the
proceedings to consider these arguments.  Furthermore, the
Government asks the Court to make factual findings concerning these
continuances that the Court did not, in fact, make at the time and
that it cannot, in good conscience, make at this late date.  <u>See</u>
<u>Zedner</u>, 547 U.S. at 506-507 (ends of justice continuances must be
made on the basis of factual findings "made, if only in the judge's
mind, <u>before granting the continuance</u>") (emphasis added).  And even

---

    [5]    As noted in the Court's July 8, 2008 Memorandum Opinion,
the parties in <u>Johnson</u> had already been asked to reschedule their
trial date on one previous occasion to accommodate trial in this
case.  <u>See Ferguson</u>, 2008 WL 2687089, at *5.

-9-

if all of this time (seventeen days according to the Government) was excluded, it would not be sufficient to cure the violation of the seventy-day speedy trial clock, as the Court previously found that 112 non-excludable days had elapsed.  See Ferguson, 2008 WL 2687089, at *12.

Finally, the Government correctly points out a minor error in the Court's calculation of the excludable time for the period between February 6, 2006 and February 8, 2006, which the Court calculated as constituting two excludable days under the Act.  Id. at *6.  However, time excluded due to the filing of a pretrial motion, see 18 U.S.C. § 3161(h)(1)(F), includes the day on which the motion was filed.  United States v. Fonseca, 435 F.3d 369, 372 (D.C. Cir. 2006).  Therefore, this period accounted for three excludable days, and the total number of non-excludable days that passed prior to trial was 111, not 112, as the Court previously found.  See Ferguson, 2008 WL 2687089, at *12.

For these reasons, the Government's Motion for Reconsideration [**Dkt. No. 127**] is **denied**.  The stay of the Court's July 8, 2008 Order dismissing the indictment without prejudice is **lifted**.  The Defendant shall be **released in this case**.  Because an immigration detainer has been lodged against the Defendant, a Bahamian citizen, he will remain in custody in the United States for the near future, permitting the Government sufficient time to either appeal this

-10-

Order or to re-indict him.    An Order shall accompany this Memorandum Opinion.


September 3, 2008                     _____
                                     Gladys Kessler
                                     United States District Judge

**Copies via ECF to all counsel of record**